Angel BURGOS, et al., Plaintiffs,
Appellees,

v.

Gerard MILTON, et al., Defendants,
Appellants.

No. 82–1856.

United States Court of Appeals,
First Circuit.

Argued May 4, 1983.

Decided June 1, 1983.

Laurie A. Snyder, Tax Div., Dept. of Justice, Washington, D.C., with whom Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Tax Div., Dept. of Justice, Richard Farber, Tax Div., Dept. of Justice, Washington, D.C., and Raymond L. Acosta, U.S. Atty., San Juan, P.R., were on brief, for defendants, appellants.

Orison Trossi Orlandi, Rio Piedras, P.R., with whom Angel Rodriguez Cardona, Santurce, P.R., was on brief, for plaintiffs, appellees.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and RE,* Judge.

* Of the United States Court of International  Trade, sitting by designation.

LEVIN H. CAMPBELL, Chief Judge.

This is an appeal from the district court's judgment of $15,000 against individual officers of the Internal Revenue Service (IRS). We find that the district court lacked jurisdiction over the action because of sovereign immunity.

On September 17, 1976 plaintiff-appellee Angel Burgos Fuentes purchased real property in Puerto Rico from the Internal Revenue Service at a tax sale. According to Burgos, the quitclaim deed he received from the IRS was invalid under Puerto Rico law, preventing him from being able to register the deed with the Registry of Property. As a result, Burgos claims, he was denied the right to intervene and defend his rights to the property in a foreclosure action in a Puerto Rico court brought by the first mortgagee.

On May 30, 1980 Burgos filed the instant action in federal district court for a writ of mandamus compelling officers of the IRS to correct the deed, refund the $15,000 he paid for the property, and pay damages.[1] While the action was pending before the district court, the mortgage was foreclosed and the property was sold to a third party. The defendants then moved that the action be dismissed on the theory that the court could no longer order the correction of the deed and lacked jurisdiction, because of the doctrine of sovereign immunity, to award damages. The district court denied the motion, finding that section 702 of the Administrative Procedures Act (APA), 5 U.S.C. § 702, waived sovereign immunity. The court then went on to find that the government failed to comply with applicable federal and local statutes governing the execution of deeds. The court ordered the defendants to return the $15,000 plaintiff paid for the property. Defendants appealed, arguing that the action was barred by the doctrine of sovereign immunity. We agree.

■ Although the instant action is nominally one against individual defendants, the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, and the relief ordered, the return of the purchase price, operates only against the United States. Under such circumstances, the action is in fact one against the United States. *See Hawaii v. Gordon*, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963) (per curiam); *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1962); *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). Under the long-standing doctrine of sovereign immunity, actions against the United States may only be maintained with its consent. *Hawaii v. Gordon*, 373 U.S. at 58, 83 S.Ct. at 1052. The issue here, therefore, is whether the United States consented to this action in the district court.

■ The district court relied upon section 702 of the APA in finding that the United States had consented to this suit.[2] Section 702, however, abolishes the defense of sovereign immunity only in actions "seeking

1. Burgos had previously filed an action in district court under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* This action was dismissed by the district court on March 31, 1980. That dismissal is not now before us.

2. Section 702 states

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer of employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided,* That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

relief other than money damages." In the present case, Burgos sought and received a judgment ordering the United States to give him $15,000. We think that such a judgment constitutes money damages and precludes the application of section 702 to the instant case. *See Jaffee v. United States,* 592 F.2d 712, 715 (3d Cir.) ("A plaintiff cannot transform a claim for damages into an equitable action by asking for an injunction that orders the payment of money."), *cert. denied,* 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979).

 But even if we agreed with Burgos that the award was equitable and did not constitute "money damages," we would still find that section 702 did not remove the defense of sovereign immunity. In *American Science & Engineering, Inc. v. Califano,* 571 F.2d 58 (1st Cir.1978), we held that section 702 does not apply to claims sounding in contract because the section was not intended to undermine the Tucker Act, 28 U.S.C. § 1491, which vests the Claims Court with exclusive jurisdiction over contract actions against the United States.[3] *See also Estate of Watson v. Blumenthal,* 586 F.2d 925 (2d Cir.1978); Wright, Miller & Cooper, *Federal Practice & Procedure* § 4101 (1978). The instant case clearly falls within the category of cases covered by the Tucker Act and outside the scope of section 702—plaintiff is essentially arguing that the government violated its bargain with him by not delivering a valid deed. Consequently, plaintiff's remedy lies in an action before the Claims Court, not in one before the district court based on section 702.

 Burgos also asserts that the district court had mandamus jurisdiction. In *American Science & Engineering,* however, we held that mandamus jurisdiction is not available in cases in which relief can be obtained from the Claims Court. 571 F.2d at 64. In the present case, Burgos can receive adequate relief to the extent warranted from the Claims Court. Even if the relief he seeks is equitable in nature, as he

claims, the Claims Court can now order such relief since the Tucker Act now empowers that court to provide equitable as well as legal remedies in contract actions brought against the United States. 28 U.S.C. § 1491(a)(3) as amended by Pub.L. No. 97–164, 96 Stat. 25. Accordingly, we hold that the district court lacked mandamus jurisdiction over the instant case.

It is evident that the transfer of this case to the Claims Court is in the interest of justice. 571 F.2d at 64; 28 U.S.C. § 1631. The judgment of the district court is therefore vacated. The cause is remanded with directions to transfer it to the Claims Court.

*So ordered.*

---

**3.** In 1982 the Tucker Act was amended to vest jurisdiction with the newly created United States Claims Court which replaced the old Court of Claims. Pub.L. No. 97–164, 96 Stat. 25 (1982).