**Joseph BEHRE, et al.,**

v.

**UNITED STATES of America, et al.**

**Civ. No. 86–547–D.**

United States District Court,
D. New Hampshire.

May 1, 1987.

Cullen & Wall by John Wall, Boston, Mass., Shaheen, Cappiello, Stein & Gordon by Steven Gordon, Concord, N.H., for plaintiffs.

United States of America by Ralph H. Johnson, Elaine Marzetta Lacy, Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., Posternak, Blankstein & Lund by David J. Hatem, Boston, Mass., Dufresne-Henry, Inc. by Richard K. Allen, Manchester, N.H., Upton, Sanders & Smith by John F. Teague, State Atty. General's Office, by Robert P. Cheney, Jr., Michael J. Walls and Geoffrey M. Huntington, Concord, N.H., for defendants.

### ORDER

DEVINE, Chief Judge.

In this action, plaintiffs Joseph Behre, Emmett Ronayne, Robert Gustafson, and K.W. Thompson Tool Company, Inc. ("KWT"), bring suit against the United States of America; the United States Environmental Protection Agency ("EPA"); six present and/or former employees of EPA;[1] the State of New Hampshire; the New Hampshire Department of Transportation ("NHDOT"); the New Hampshire Water Supply and Pollution Control Commission ("NHWSPCC"); four present and/or for-

---

1. These present and/or former EPA employees are: Lee Thomas, Administrator; Michael Deland, Regional Administrator; Philip Andrew, Investigator; William Ruckelshaus, Former Administrator; Lester Sutton, Former Regional Administrator; and Alvin Alm, Former Deputy Administrator.

mer employees of NHWSPCC,; Dufresne-Henry, Inc.; Edward Rushbrook, Jr., an employee of Dufresne-Henry; Eastern Analytical, Inc.; William Brunkhorst, an employee of Eastern Analytical; John Doe; and Jane Doe. All of the individuals named as defendants are sued in both their individual and their representative capacities. Plaintiffs seek ten million dollars in compensatory damages on twenty-four counts which allege violations of 42 U.S.C. §§ 1983 and 1985, as well as state statutory and common-law violations. This action originated in Strafford County (New Hampshire) Superior Court and was removed here by the individual federal defendants pursuant to 28 U.S.C. § 1442(a)(1). The Court now considers plaintiffs' motion to remand this matter to the state court and the federal defendants' objection thereto.[2]

This Court is by now quite familiar with these parties and the background to this litigation. Plaintiffs [3] were the subjects of a criminal prosecution for violations of various federal environmental laws docketed in this court as Cr. Nos. 85–00008–01, –02, –03, and –04–L (indictment filed March 18, 1985). On July 1, 1985, pursuant to a plea agreement, KWT pled guilty to certain counts in exchange for the dismissal with prejudice of the remaining counts against KWT and all of the counts with respect to the corporate officers. KWT then filed an action in this court against all of the same defendants named herein based on their allegedly wrongful actions surrounding the criminal prosecution, docketed as Civ. No. 86–111–D (complaint filed March 10, 1985). However, all of the claims against the non-federal defendants were voluntarily dismissed from Civ. No. 86–111–D, and that case proceeded solely as a claim against the federal defendants pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.* By Order dated March 25, 1987, the Court granted the defendants' motion to dismiss, 656 F.Supp. 1077, and Civ. No. 86–111–D was closed.[4] However, in the meantime, KWT and its three officers had filed the instant action in Strafford County Superior Court on December 5, 1986, and it was removed to this court on December 31, 1986.[5]

Plaintiffs have moved to remand this matter, arguing that the Eleventh Amendment bars this Court from exercising jurisdiction over the state defendants and that reasons of judicial economy, comity, and respect for civil rights plaintiffs' choice-of-law forums militate in favor of remanding the entire action. Only the federal defendants responded to the remand motion; they object to it on the basis that the individual federal defendants have an absolute right to have this matter heard in federal court and that it is thus proper for this Court to retain the entire matter even though some of plaintiffs' claims could not have been independently removed.

This action was removed pursuant to 28 U.S.C. § 1442(a), which provides in pertinent part:

A civil action ... commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

**2.** Plaintiffs have requested a hearing on this matter, but the Court finds that it can rule upon the issues presented based on the papers filed. *See* Rule 11(g), Rules of the United States District Court for the District of New Hampshire.

**3.** The three individual plaintiffs are employees and officers of the corporate plaintiff, KWT.

**4.** A more complete description of the basis of KWT's claims against the defendants herein is described in the March 25, 1987, Order in Civ. No. 86–111–D. The Court only repeats those portions of the background to this litigation which are relevant to resolution of the instant motion.

**5.** The Court refers to the claims in the instant action as they appear in the writ filed in Strafford County upon which removal was sought. Plaintiff has since filed an amended complaint in this matter, but the Court follows the well-established rule that "[r]emovability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'" *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983) (quoting *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939)).

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office....

Furthermore, pursuant to 28 U.S.C. § 1441(c):

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

However, after removal of a suit to federal court, "[i]f at any time before the final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." 28 U.S.C. § 1447(c).

In their arguments in support of their respective positions, both the plaintiffs and the federal defendants focus on the interplay between the above-quoted removal/remand statutes and the Eleventh Amendment bar to this Court's hearing the claims against the state defendants. However, before reaching the merits of this issue, the Court notes that there is a basic jurisdictional flaw that requires dismissal of certain of the federal defendants.

▪ Removal of an action from state court gives the federal court only derivative jurisdiction. It is well established that "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none." *Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939); *see also Daley v. Town of New Durham,* 733 F.2d 4, 6 (1st Cir.1984); *Crowel v. Administrator of Veterans' Affairs,* 699 F.2d 347, 350 (7th Cir.1983). Stated otherwise, federal jurisdiction is no better than that possessed by the state court in which the action was begun. Should it appear after removal

that the state court did not have jurisdiction, the federal court should dismiss rather than remand the matter. *Daley v. Town of New Durham, supra,* 733 F.2d at 7.

In the instant action, several of the federal defendants must be dismissed because neither the state court nor this Court may assert jurisdiction over them.

It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain this suit.' *United States v. Sherwood,* 312 U.S. 584, 586 [61 S.Ct. 767, 769, 85 L.Ed. 1058] (1941). A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.' *United States v. King,* 395 U.S. 1, 4 [89 S.Ct. 1501, 1503, 23 L.Ed.2d 52] (1969). In the absence of clear congressional consent, then, 'there is no jurisdiction ... in any ... court to entertain suits against the United States.' *United States v. Sherwood, supra,* at 587–588 [61 S.Ct. at 770.]

*United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Moreover, a suit against a federal agency is a suit against the United States, *Clegg v. United States Treasury Dept.,* 70 F.R.D. 486, 488 (D.Mass.1976), as are damage suits against individual federal employees sued in their official capacities, *Kozera v. Spirito,* 723 F.2d 1003, 1007 (1st Cir. 1983) (citing *Burgos v. Milton,* 709 F.2d 1, 2–3 (1st Cir.1983)). Thus, the issue becomes whether the United States has consented to be sued in the instant action. The Court finds that it has not.

The federal defendants are named in only three of the twenty-four counts of plaintiffs' original complaint:[6] Count One, which alleges violation of 42 U.S.C. § 1983; Count Two, which alleges violation of 42 U.S.C. § 1985; and Count Six, a claim pursuant to New Hampshire Revised Statutes Annotated ("RSA") 541–B (Supp.1986).[7]

---

6. *See supra* note 5.

7. This statute waives New Hampshire's sovereign immunity for claims by persons injured by

negligent acts of state employees, subject to certain exceptions and restrictions. As such, it is

This Court's research reveals that every court which has considered the issue has held that the United States has not waived its sovereign immunity under the provisions of the civil rights statutes. *See, e.g., Hohri v. United States,* 782 F.2d 227, 245 n. 43 (D.C.Cir.), *cert. granted on other grounds,* —— U.S. ——, 107 S.Ct. 454, 93 L.Ed.2d 401 (1986); *United States v. Timmons,* 672 F.2d 1373, 1380 (11th Cir.1982); *Unimex, Inc. v. United States Dept. of Housing,* 594 F.2d 1060, 1061 (5th Cir. 1979); *Community Bhd. of Lynn, Inc. v. Lynn Redevelopment Auth.* 523 F.Supp. 779, 782–83 (D.Mass.1981); *Monarch Ins. Co. v. District of Columbia,* 353 F.Supp. 1249, 1252 (D.D.C.1973), *aff'd* 497 F.2d 684 (D.C.Cir.), *cert. denied,* 419 U.S. 1021, 95 S.Ct. 497, 42 L.Ed.2d 295 (1974). "The civil rights statutes create causes of action only against individuals and municipalities and do not themselves contain a waiver of sovereign immunity." *Hohri v. United States,* 586 F.Supp. 769, 794 (D.D.C.1984), *aff'd in part, rev'd on other grounds, Hohri v. United States, supra,* 782 F.2d at 245 n. 43. There is no express waiver of the federal government's sovereign immunity so as to permit these claims to be maintained.[8] Moreover, it is clear beyond doubt that the provisions of RSA 541–B do not and cannot waive the sovereign immunity of the United States. Thus, the Court finds that the following defendants must be dismissed from this action: the United States of America; EPA; and, to the extent they are sued in their official or representative capacities, the individual federal defendants (Lee Thomas, Michael Deland, Philip Andrew, William Ruckelshaus, Lester Sutton, and Alvin Alm). Sovereign immunity does not bar suit against these latter defendants in their individual capacities. *See Burgos v. Milton, supra,* 709 F.2d at 2.

■ The Court now turns to whether the claims against the remaining defendants should be remanded to the state court.

The unique circumstances[9] of this case present a seemingly unresolvable conflict of rights. The Court agrees with the federal defendants that their right of removal under 28 U.S.C. § 1442(a)(1) is "absolute", *Willingham v. Morgan,* 395 U.S. 402, 406, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969); such removal "is not dependent upon the discretion of the court." *Malone v. Longo,* 463 F.Supp. 139, 141 (E.D.N.Y.1979). Removal pursuant to § 1442(a)(1)

> enables the defendant to have the validity of his immunity defense adjudicated in a federal forum … [and the Supreme] Court has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'

*Arizona v. Manypenny,* 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981) (quoting *Willingham v. Morgan, supra,* 395 U.S. at 407, 89 S.Ct. at 1816). It being apparent from the complaint that the challenged conduct on the part of the federal officials occurred under color of federal office, the Court must uphold the removal of the action as to the federal defendants pursuant to § 1442(a)(1).

However, the Court agrees with plaintiffs that the Eleventh Amendment bars its hearing this suit for damages against the State of New Hampshire, NHDOT, and NHWSPCC, *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984), as well as the claims against the four state employees in their official capacities, *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985). The federal defendants do not dispute plaintiffs' assertions regarding the Eleventh Amendment implications of the removal of this action, but they argue that their absolute right of

---

similar to the United States' waiver of immunity found in the FTCA.

**8.** To the extent Counts One and Two allege claims which could be brought within the FTCA's waiver of sovereign immunity, they cannot be maintained in this action, as the exclu-

sive jurisdiction over FTCA claims rests in the federal courts. 28 U.S.C. § 1346(b).

**9.** In its research, the Court found no cases wherein the claims against federal officers removed pursuant to 28 U.S.C. § 1442(a)(1) were joined with claims against state defendants.

removal properly brings the entire case to federal court. The Court disagrees.

It is true that section 1442(a)(1) "authorizes removal of the entire case even though only one of its controversies might involve a federal officer or agency," *IMFC v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 158 (5th Cir. Unit B 1982) (citation omitted), thus creating a "species of ancillary jurisdiction over the nonfederal elements of the case," *id.* However, the Supreme Court has held that neither ancillary jurisdiction, *Missouri v. Fiske*, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145 (1933), nor pendent jurisdiction, *Pennhurst, supra*, abrogates Eleventh Amendment immunity. "Considerations of convenience open no avenue of escape from the [Eleventh Amendment] restriction." *Missouri v. Fiske, supra*, 290 U.S. at 25–26, 54 S.Ct. at 20. Even though properly removed pursuant to section 1442(a)(1), the claims against the state defendants cannot remain in this court. *Accord Gwinn Area Community Schools v. Michigan*, 741 F.2d 840 (6th Cir.1984) (claims against a state removed to the federal court on the joint petition of the state and federal defendants had to be remanded because of the Eleventh Amendment bar to federal court jurisdiction).

Although this Court certainly does not favor the waste of judicial resources, the circumstances of this matter mandate that the state defendants be remanded to state court and that the individual federal defendants remain in this forum. The Court further finds that the claims against the remaining defendants (Dufresne-Henry, Rushbrook, Eastern Analytical, Brunkhorst, Jane Doe, John Doe, and the four state employees in their individual capacities [10]) should also be remanded to the state court. Except for Counts One and Two, all of the claims against these defendants arise under state law. Moreover, these parties did not seek the removal to this court, nor did they object to plaintiffs' motion to remand. Given that this action must unfortunately be litigated in two forums, the Court finds that justice would best be served by remanding all of the defendants other than the individual federal officers to state court.

### Conclusion

Plaintiffs' motion to remand this action is granted as to all claims against the nonfederal defendants (State of NH, NHDOT, NHWSPCC, Woodard, Roberts, McBride, Cunningham, Dufresne-Henry, Rushbrook, Eastern Analytical, Brunkhorst, Jane Doe, and John Doe) but is denied as to the federal defendants (USA, EPA, Thomas, Deland, Andrew, Ruckelshaus, Sutton, and Alm). Furthermore, the Court hereby dismisses the action against the United States, EPA, and, as to the claims against them in their representative capacities, the six individual federal defendants (Thomas, Deland, Andrew, Ruckelshaus, Sutton, and Alm). Thus, the only remaining defendants in this action are defendants Thomas, Deland, Andrew, Ruckelshaus, Sutton, and Alm in their individual capacities.

Furthermore, two pending motions in this matter are now moot: the motion to dismiss on behalf of the state defendants (document no. 14, filed Mar. 5, 1987), and the motion to consolidate this action with the now-closed case docketed as Civ. No. 86–111–D (document no. 8, filed Feb. 6, 1987). Finally, the Court denies the federal defendants' motion to dismiss or in the alternative for summary judgment (document no. 4, filed Jan. 30, 1987) without prejudice to the remaining federal defendants' filing further dispositive motions in response to the amended complaint. Further briefs filed in regard to this matter should no longer refer to documents filed in Civ. No. 86–111–D, as that case is closed.

SO ORDERED.

---

10. The Eleventh Amendment presents no bar to a federal court's hearing claims against state employees sued in their personal capacities.

*See Kentucky v. Graham, supra*, 105 S.Ct. at 3107–08.