Edward N. SIBLEY

v.

William L. BALL, III, Secretary of the Navy.

Civ. A. No. 88–2811Mc.

United States District Court, D. Massachusetts.

July 2, 1990.

Peter F. Staiti, New Bedford, Mass., for plaintiff.

Mark W. Pearlstein, Asst. U.S. Atty., Boston, Mass., for defendant.

### MEMORANDUM AND ORDERS ON MOTIONS FOR SUMMARY JUDGMENT

McNAUGHT, District Judge.

This action came on to be heard on cross motions for summary judgment. The plaintiff's motion bears docket document number 13, and that of the defendant number 08. After hearing, we allow the defendant's motion and deny that of plaintiff.

In 1968 Edward N. Sibley entered active duty with the Marine Corps. In 1985 he was discharged under other than honorable conditions as a result of the commission of sexual acts on his two daughters and his son, all of them then being under the age of sixteen. He admitted such acts, but claims here that his separation violated regulations and his right to due process.

The core events occurred beginning November 3, 1983 when he was interviewed by an investigator from the Nassau County, New York, District Attorney's Office, and made the admissions concerning his conduct between 1975 and 1983. The District Attorney reported the matter to the Naval Investigative Service (see the supporting affidavit of Captain Robert C. Barber). Next there was an investigation, the results of which were sent to plaintiff's superior, Major General R.E. Moss, USMC, who recommended the convening of a Board.

Plaintiff was notified in writing that a Board would convene to require him to show cause for retention in the Corps. The nature of the charge was recited. Plaintiff responded, indicating his understanding. The Board convened January 13, 1984. It found that the acts (defined as "sexual perversion" under SECNAV NOTICE 1920, and a basis for separation from service) had been committed. Plaintiff received a copy of the findings and was notified he would have to show cause for retention before a Board of Inquiry. In writing he acknowledged the receipt of notice and stated that he understood his rights which had been explained.

May 16, 1984 the Board met. Sibley was represented by civilian and military counsel. He did not deny the allegations, but forwarded a claim of prospects for rehabilitation. September 27, 1984 the Board of Inquiry reported to the Commandant its findings that the sexual acts had occurred, and recommended Sibley's separation under other than honorable conditions.

The next step was submission to a Board of Review at Headquarters, Marine Corps, which found that he had failed to establish that he should not be separated. The Deputy Chief of Staff for Manpower recommended the discharge under other than honorable conditions, and on February 4, 1985 the delegate to the defendant Secretary approved the recommendation. He was discharged.

Subsequently, plaintiff petitioned the Board for Correction of Naval Records claiming a denial of due process and violation by the Corps of its own regulations and those of the Department of the Navy, by reason of his separation. He asserted

that he should have been treated through Family Advocacy Programs of the military. The Board ("BCNR"), made up of civilian personnel, under Title 10 U.S.C. § 1552 has the right to act where necessary "to remove an injustice". On November 9, 1988 this Board decided that the plaintiff had failed to establish that an injustice had occurred (or error) in his case. It considered, inter alia, (1) the plaintiff's petition to it, (2) comments of the Commandant, (3) and the opinion of the Judge Advocate Division. After deciding that the question of rehabilitation had been considered all along the line, before the Board of Inquiry, the Board of Review, the Commandant and the Secretary, the BCNR decided that no injustice had been perpetrated, and denied the petition for relief.

First, there was no violation of due process. Two boards, the Commandant and the Secretary reviewed the allegations, the admitted acts of the plaintiff and their effect. He was given notice each time, apparently received plenty of time in which to prepare, appeared in person each time, and was assisted by both civilian and military counsel. As did the BCNR, we discern no denial of any procedural protection to which plaintiff was entitled. As noted in the defendant's memorandum of law, plaintiff asked for two witnesses to present mitigating evidence, and they were brought to the hearing at government expense. The charges against the plaintiff were made in his presence. Although plaintiff now complains that the Board of Inquiry permitted the use of NIS reports (an alleged deprivation of the right of confrontation) there was no objection to them at the time.

Secondly, the Board for Correction of Naval Records did not act arbitrarily and capriciously as claimed by plaintiff Sibley. I find here no cogent, clear and convincing evidence (nor indeed, any evidence of lesser force) of arbitrariness. The determination was supported by substantial evidence in the form of admissions respecting plaintiff's conduct, and the outcome was in accordance with the law.

Finally, the regulations of the Department of the Navy and of the Marine Corps provided options for the disposition of cases involving child abuse. The regulations did not require that he be retained in the service. The Orders of the Marine Corps and the regulation of the Department of the Navy encouraged but did not require diversion of offenders such as the plaintiff into rehabilitation. The "regs" simply provided rehabilitation as one possible recourse. They provided for separation also, and, all along the line, the determination was made that this was an instance in which discharge under other than honorable conditions was appropriate.

Defendant's motion for summary judgment must be and is hereby granted. Plaintiff's motion must be and is hereby denied.