**Edward N. SIBLEY, Plaintiff, Appellant,**

v.

**William L. BALL, III, etc., Defendant, Appellee.**

No. 90–1792.

United States Court of Appeals, First Circuit.

Heard Jan. 7, 1991.

Decided Jan. 30, 1991.

---

Peter F. Staiti, New Bedford, Mass., for plaintiff, appellant.

Gary S. Katzmann, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., and Captain R.C. Barber, USMC, Dept. of the Navy, Boston, Mass., were on brief, for defendant, appellee.

Before CAMPBELL and CYR, Circuit Judges, and POLLAK,* Senior District Judge.

* Of the Eastern District of Pennsylvania, sitting by designation.

LOUIS H. POLLAK, Senior District Judge.

This case grows out of the 1985 discharge from military service, "under other than honorable conditions," of a career officer, Major Edward N. Sibley of the Marine Corps. The discharge was recommended in September of 1984 by a Board of Inquiry which found that Major Sibley had committed acts that were sexually abusive of his three children. The Board of Inquiry's recommendation was approved, on behalf of the Secretary of the Navy, by the Secretary's designee, the Assistant Secretary for Manpower and Reserve Affairs. The discharge took effect on February 25, 1985. In 1987, Sibley petitioned the Board for Correction of Naval Records to vacate his discharge and restore him to duty status. Sibley contended that the Navy had disregarded a binding instruction of the Secretary of the Navy (SECNAVINST 1752.3) by discharging him rather than enrolling him, for treatment of his emotional problems, in a military Family Advocacy Program designed to address stressful family situations. Sibley further contended that the Navy's discharge procedures had in various ways violated his procedural due process rights. In November of 1988 the Board for Correction of Naval Records denied Sibley's petition.

In December of 1989, Sibley brought suit against Secretary of the Navy William L. Ball, III, in the District Court for the District of Massachusetts. Renewing the challenges to Sibley's discharge rejected by the Board for Correction of Naval Records, the complaint petitioned the court:

1. For a judgment of this court declaring that plaintiff's administrative discharge is void and that he has never been legally separated from military service or legally deprived of his commission.

2. For an order compelling the Secretary of the navy [sic] to formally vacate plaintiff's administrative discharge and to provide for the restroation [sic] to plaintiff of his commission and the emoluments of his military office as of the

date of his unlawful discharge and back pay within the jurisdiction of this court as of the date of his unlawful discharge.

3. For such other relief as this court may deem meet and proper.

The complaint invoked the district court's jurisdiction in the following terms:

3. This is a complaint for a declaratory judgment pursuant to the Declaratory Judgment Act, Title 28, United States Code, Sections 2201, 2202, and for ancillary injunctive relief. Jurisdiction is invoked under Title 28, Section 1331(a) of the United States Code, and alternatively under 5 U S [sic] Code Section 701 et seq.

Secretary Ball filed an answer in March of 1990 and soon thereafter moved for summary judgment. Sibley, in May of 1990, filed a cross-motion for summary judgment. After considering the joined motions for summary judgment and the record of the proceedings before the Navy which led up to, and subsequently reaffirmed, Sibley's discharge, the district court, in July of 1990, filed a memorandum and accompanying order granting the Secretary's motion and denying Sibley's. 739 F.Supp. 705. The district court concluded that there were no due process flaws in the challenged agency action and that the Secretary had not breached any pertinent Navy regulations. Sibley then filed a timely appeal.

Secretary Ball defends the district court's decision on the merits. But the Secretary interposes, as his first argument, that this appeal has been misdirected—that appellant Sibley should have gone to the Court of Appeals for the Federal Circuit and, hence, that this court is without jurisdiction.

█ In arguing that we lack jurisdiction, the Secretary focuses on the fact that the complaint not only asks that Sibley's commission be restored but that Sibley be awarded "back pay within the jurisdiction of this [the district] court as of the date of his unlawful discharge." The Secretary contends that the presence of the prayer for back pay signifies that this law suit is cognizable by a district court only pursuant to the so-called "Little Tucker Act," 28

U.S.C. § 1346(a)(2), which provides, in pertinent part:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

\* \* \* \* \* \*

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) or 10(a)(1) of the Contract Disputes Act of 1978.

If this is a Little Tucker Act suit, it then follows, according to the Secretary, that Sibley's appeal should have gone to the Federal Circuit, for Congress has vested in that court exclusive jurisdiction to review district court decisions in Little Tucker Act cases. The appellate authority of the Federal Circuit in such cases is embodied in 28 U.S.C. § 1295(a)(2):

(a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—

\* \* \* \* \* \*

(2) of an appeal from a final decision of a district court of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, or the District Court for the Northern Mariana Islands, if the jurisdiction of that court was based, in whole or in part, on section 1346 of this title [with specified exceptions not here pertinent].

In pressing his argument that this court is without jurisdiction to consider Sibley's appeal, Secretary Ball places strong re-

liance on *Wronke v. Marsh*, 767 F.2d 354 (7th Cir.1985), a case whose procedural elements closely parallel those presented here. Wronke, a major in the Army Reserve, was dismissed from the service in 1982. He brought suit in a federal district court in Illinois seeking rescission of the discharge and back pay in the sum of $9,999.99 (the district court jurisdictional-amount ceiling under the Little Tucker Act is $10,000). Wronke prevailed in the district court. The Secretary of the Army filed his appeal in the Court of Appeals for the Seventh Circuit. But then, belatedly concluding that the Federal Circuit was the proper appellate venue, the Secretary of the Army asked the Seventh Circuit to transfer the case to the Federal Circuit. Transfer was sought pursuant to 28 U.S.C. § 1631, a statute authorizing a federal court which finds a "want of jurisdiction" over a civil case to transfer that case to another federal court that would have had jurisdiction as of the date of the filing, provided that transferring the case "is in the interest of justice." Determining that the case arose under the Tucker Act, and hence that the Federal Circuit had exclusive jurisdiction over the appeal, the Seventh Circuit transferred the case.

The crucial question, then, is whether it is correct to characterize a suit such as Wronke's—or Sibley's functionally identical claim—as a suit *arising under the Little Tucker Act.*

■ In addressing this question, we take as our starting point the proposition that, when a suit against the Secretary of the Army, or the Navy, seeks a money judgment, it is in substance a suit against the United States which can be maintained only if Congress has enacted a statute waiving sovereign immunity. The governing principle is the one enunciated by this court in *Burgos v. Milton,*

> Although the instant action is nominally against individual defendants, the acts complained of consist of actions taken by the defendants in their official capacity as agents of the United States, and the relief ordered, the return of the purchase price, operates only against the United

States. Under such circumstances, the action is in fact one against the United States.... Under the long-standing doctrine of sovereign immunity, actions against the United States may only be maintained with its consent.

709 F.2d 1, 2 (1st Cir.1983) (citations omitted).

With this principle in mind, we must undertake to determine the statutory basis for district court jurisdiction over this suit against the sovereign. First, we consider the sources of jurisdiction invoked by Sibley's complaint. The complaint does not characterize this suit as one arising under the Little Tucker Act. Instead, as noted above, the complaint denominates this as a suit for a declaratory judgment, and invokes "Title 28, Section 1331(a) ... and alternatively ... 5 U S Code Section 701 et seq." We take the reference to "Section 1331(a)" to have been intended to mean § 1331, the general grant of federal question jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." But § 1331 does not by its own terms waive sovereign immunity and vest in district courts plenary jurisdiction over all, or any, suits which—by seeking a money judgment, as Sibley does—are in substance suits against the United States. Nor does 5 U.S.C. § 701 *et seq.*—the Administrative Procedure Act—contemplate a suit like Sibley's. To be sure, the Administrative Procedure Act does waive sovereign immunity in the sense that it authorizes suits challenging "agency actions," but the Act, 5 U.S.C. § 702, is at pains to exclude suits seeking money judgments:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied

on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided,* That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

What we said of § 702 in *Burgos v. Milton, supra,* is controlling here:

Section 702 ... abolishes the defense of sovereign immunity only in actions "seeking relief other than money damages." In the present case, Burgos sought and received a judgment ordering the United States to give him $15,000. We think that such a judgment constitutes money damages and precludes the application of section 702 to the instant case. *See Jaffee v. United States,* 592 F.2d 712, 715 (3d Cir. [1979]) ("A plaintiff cannot transform a claim for damages into an equitable action by asking for an injunction that orders the payment of money.").

709 F.2d at 2–3.

In sum, the sources of jurisdiction invoked in Sibley's complaint confer no authority on a federal district court to entertain this suit seeking, *inter alia,* back pay from the United States. And—the Little Tucker Act aside—Sibley has not suggested any other jurisdictional statute which can support this suit. Accordingly, we conclude that Sibley's law suit must stand or fall on the Little Tucker Act.

To avoid this conclusion—which carries with it, by necessary implication, the further conclusion that we lack authority to review the district court's decision—Sibley's counsel suggested on argument before this court that his client's real litiga-

tion purpose is to secure a restoration of his status as a marine officer and that the back pay claim is an incidental—perhaps even a dispensable—ingredient of the relief sought. But we decline the implicit invitation to turn Sibley's complaint inside-out. We are not free to recast an appellant's pleading at the appellate level in order to shore up our jurisdiction. Whether a law suit which sought restoration of official status without a concomitant back pay award could properly be entertained by a district court without invocation of the Little Tucker Act is a question we need not inquire into today. *Cf. Marbury v. Madison,* 5 U.S. (1 Cranch.) 137, 2 L.Ed. 60 (1803).

Since we cannot whittle away that element of Sibley's suit which makes it, within the meaning of 28 U.S.C. § 1295(a)(2), a suit "based," at least "in part, on section 1346 of this title [Title 28]," we must decline to entertain Sibley's appeal. But the remedy is not dismissal of the appeal. The remedy here, as in *Wronke v. Marsh, supra,* is to transfer this appeal to the Federal Circuit, the appellate tribunal which has authority to address the merits of Sibley's appeal.

*It is so ordered.*