# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3794EA

_____

| | | |
|---|---|---|
| Winston G. Chandler, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| United States Air Force, Secretary; | * | On Petition for Rehearing |
| Raymond H. Welder, Chief of | * | |
| Correction Board, United States Air | * | |
| Force; Martha Maust, Panel Chair, | * | |
| United States Air Force, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  September 14, 2001
Filed: November 8, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

This case is before us on petition for rehearing by the panel filed by the appellees, the Secretary of the Air Force and others.  For reasons to be given, we deny the petition for rehearing.  The petition for rehearing en banc remains pending before the en banc Court.

In our previous opinion, Chandler v. United States Air Force, 255 F.3d 919 (8th Cir. 2001), we agreed with the federal defendants that the courts lack jurisdiction to grant Major Chandler's principal prayer for relief, that is, that he be made a Lieutenant Colonel. We held, however, that the federal courts do have jurisdiction, under the Administrative Procedure Act, to review decisions of the Air Force Board for the Correction of Military Records. In addition, we noted that the plaintiff had reduced his claim to monetary relief to $10,000, thus bringing the case within the jurisdiction of the District Court under the Little Tucker Act, 28 U.S.C. § 1346(a)(2). Exercising our power to review the District Court, we held that that Court had erred in holding Mr. Chandler's suit barred by limitations.

The major argument presented by the petition for rehearing is that this Court was without appellate jurisdiction.

The Secretary reminds us that the Court of Appeals for the Federal Circuit has exclusive jurisdiction over the appeal of a claim jurisdiction over which is based in whole or in part under the Little Tucker Act (see 28 U.S.C. § 1295(a)(2); Shaw v. Gwatney, 795 F.2d 1351, 1353 (8th Cir. 1986). As a general rule, this assertion is sound, and we acknowledge it. In determining the true jurisdictional basis of plaintiff's claims, however, we must examine our jurisdiction for ourselves, going behind the plaintiff's and the District Court's characterizations of jurisdiction. "[A]ppellate jurisdiction [is] . . . based on the 'real rather than ostensible source of the district court's jurisdiction.' " Shaw, 795 F.2d 1353, quoting Wronke v. Marsh, 767 F.2d 354, 355 (7th Cir. 1985) (per curiam).

As noted, our previous opinion upheld the jurisdiction of the District Court to grant monetary damages under the Little Tucker Act. We have now concluded that, in doing so, we were mistaken. For reasons given in the previous opinion, the District Court had no jurisdiction to order a promotion. Likewise, it lacked jurisdiction to enter judgment for monetary damages, because such a judgment would be appropriate

only as an incident to an order that the plaintiff be promoted. The true basis of the District Court's jurisdiction was 28 U.S.C. § 1331, the general federal-question jurisdiction statute, coupled with the waiver of sovereign immunity found in the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-06. See also 10 U.S.C. § 1552, the statute governing review and correction of military records. If monetary relief comes about, it will be solely because the Air Force Board for Correction of Military Records decides, in its own discretion, to grant such relief (assuming that ultimately the case is remanded to that Board for reconsideration, a proposition as to which we express no current view).

For an analogy, we look to the Supreme Court's opinion in <u>Bowen v. Massachusetts</u>, 487 U.S. 879, 895-900, 911 (1988). There, a state brought an action for injunctive and declaratory relief from the administrative denial of its Medicaid reimbursement claim. Monetary relief was also requested. The Supreme Court held, however, that monetary damages were to be distinguished from monetary relief, and that the District Court had jurisdiction under the APA to review the agency's action. Just so, Major Chandler here seeks primarily equitable relief. His request for monetary relief, which will become relevant only if he succeeds on his main claim, is incidental. A very similar case is <u>Randall v. United States</u>, 95 F.3d 339, 347 & n.8 (4th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1150 (1997). There, the complaint requested the equitable relief of promotion, and also back pay in an unspecified amount. The request for monetary relief was held to be merely incidental, and the Tucker Act, the Court concluded, was not a basis for jurisdiction. Likewise, the Federal Circuit itself has held that 10 U.S.C. § 1552 is not a pay-mandating statute for Tucker Act purposes. <u>Dehne v. United States</u>, 970 F.2d 890, 891-94 (Fed. Cir. 1992) (plaintiff did not state claim under Tucker Act because § 1552 "does not mandate pay at all," but provides for "appropriate <u>discretionary payment</u> by [military secretary] in certain circumstances." (Emphasis added.)

In short, in the present case the plaintiff cannot demonstrate that the substantive

law on which he relies can fairly be interpreted to mandate an award of monetary damages against the government. An appeal to the Federal Circuit under the Tucker Act would therefore be fruitless. See Wardle v. Northwest Investment Co., 830 F.2d 118, 121-22 (8th Cir. 1987) (Court of Appeals has jurisdiction over appeal where statute upon which plaintiff's claim was based is not a money-mandating statute for Tucker Act purposes).

To summarize: we have no jurisdiction to order that the plaintiff be made a Lieutenant Colonel. Consequently, we have no jurisdiction to enter judgment against the United States for any amount of back pay. We do, however, have jurisdiction to review decisions of the Air Force Board for Correction of Military Records. If the courts ultimately decide, after proceedings on remand, that the Board's decision should be set aside because it was contrary to law, an abuse of discretion, or arbitrary and capricious, the case would be remanded to the Board for further consideration. If the Board should then decide in Major Chandler's favor that his records should be corrected, the Board would have power, in its discretion, to make a monetary award to the plaintiff. Such an award, however, would not be the consequence of, nor would it be authorized by, the Little Tucker Act. It would, instead, be a discretionary decision by the Air Force to grant monetary relief under 10 U.S.C. § 1552. In these circumstances, we hold that the current appeal is not based, in whole or in part, on any viable claim under the Little Tucker Act. The appeal, therefore, need not be transferred to the United States Court of Appeals for the Federal Circuit.

The petition for rehearing by the panel is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.