Arthur J. LEVERIS, Plaintiff,

v.

Hon. Gordon R. ENGLAND, In his Official Capacity as Secretary of the Navy, Defendant.

No. CIV. 02–205–P–H.

United States District Court, D. Maine.

March 7, 2003.

Jeffrey W. Peters, Esq., Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Bath, ME, for Plaintiff.

Evan Roth, Esq., Assistant United States Attorney, Portland, ME, for Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO STRIKE

HORNBY, District Judge.

The issue on these motions is whether a federal district court has jurisdiction when a discharged serviceman seeks relief that includes a request for back pay not capped at $10,000. In the First Circuit, the answer is *No*. The defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED. The plaintiff's motion to strike is DENIED.

### ALLEGATIONS OF THE COMPLAINT

The plaintiff, Arthur J. Leveris ("Leveris"), a United States Naval Academy graduate, was commissioned as an ensign in the United States Naval Reserve. Compl. ¶ 5 (Docket No. 1). He admitted to cheating on a Division Officers' Course examination and was subjected to "non-judicial punishment" in the form of a "punitive letter of reprimand" for "conduct unbecoming an officer." *Id.* ¶ 8. He appealed that punishment on the basis that his judgment was clouded by medication. Upon review of his record and the circumstances surrounding the letter, the responsible commanding officer recommended the initiation of administrative separation and recoupment of Leveris's Naval Academy education costs. The Assistant Secretary of Navy approved the recommendation. *Id.* ¶¶ 11–14. On October 31, 1998, Leveris was discharged from the United States Navy. Compl. ¶ 15.

Another Ensign also admitted to cheating on an exam. This Ensign, who is alleged to be Hispanic, also received a punitive letter of reprimand. *Id.* ¶¶ 17, 23.

He did not appeal the reprimand letter, and was not discharged from the Navy. Leveris, who is Caucasian, appealed his discharge to the Board of Correction of Naval Records (the Board). *Id.* ¶¶ 15, 27. A 2–1 majority of the Board concluded that Leveris's discharge constituted unjustly disparate treatment (as compared to the other Ensign) and recommended that Leveris be reinstated. The Assistant Secretary of the Navy nevertheless upheld Leveris's discharge. *Id.* ¶¶ 29–30.

Leveris then filed this lawsuit. He claims that (1) the Assistant Secretary's decision was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law" under 5 U.S.C § 706 of the Administrative Procedures Act ("APA"), and (2) the Assistant Secretary violated 10 U.S.C. § 1552 by rejecting without justification the recommendation of the Board. On each claim, Leveris asks that this court order the Navy to reinstate him and award him back pay from the date of his discharge. Compl., ¶¶ 34–43.

### ANALYSIS

Federal courts are courts of limited jurisdiction. *Feliciano v. Rullan*, 303 F.3d 1, 6 (1st Cir.2002). It is the plaintiff's burden to show that subject matter jurisdiction is proper. *Barrett v. Lombardi*, 239 F.3d 23, 30 (1st Cir.2001).

Leveris first sought to establish jurisdiction under the APA, 5 U.S.C. §§ 701–706 and 28 U.S.C. § 1331 (federal question). Compl. ¶ 1 (Docket No. 1). In response to the Navy's challenge, Leveris seems to have altered his jurisdictional grounds. In his brief opposing the Navy's motion for dismissal, Leveris asserts that the APA and 10 U.S.C. § 1552(a) combine to confer jurisdiction on this court, apparently dropping section 1331 from his analysis. Pl.'s Opp'n to Def.'s Mot. to Dismiss at 4 (Docket No. 5).

 I begin the jurisdictional analysis with *Sibley v. Ball*, 924 F.2d 25 (1st Cir. 1991). Although *Sibley* involved appellate jurisdiction, its reasoning is pertinent.[1] According to *Sibley*, an explicit prayer for back pay amounts to a request for a money judgment. 924 F.2d at 28. The First Circuit stated that when a suit against the Secretary of the Navy seeks a money judgment, "it is, in substance a suit against the United States which can be maintained only if Congress has enacted a statute waiving sovereign immunity." 924 F.2d at 28. It is well established that section 1331, by itself, does not waive the sovereign immunity of the United States to civil suit and cannot be the basis of jurisdiction. *Berman v. United States*, 264 F.3d 16, 20 (1st Cir.2001). According to *Sibley*, the APA does not provide jurisdiction because 5 U.S.C. § 702 expressly excludes suits for money judgments. 924 F.2d at 28–29 (quoting 5 U.S.C. § 702 allowing actions against the United States that seek relief "other than money damages. . . ."). The First Circuit concluded, therefore, that "the sources of jurisdiction invoked in Sibley's complaint [28 U.S.C. § 1331 and the APA] confer no authority on a federal district court to entertain a suit seeking, *inter alia*, back pay from the United States." 924 F.2d at 29.

In this case, Leveris asserts that

1. *Sibley* is nearly identical to this case. Sibley sued, among other things, to have his administrative discharge declared void, his rank restored, and for back pay. Sibley also invoked the jurisdiction of the district court under 28 U.S.C. § 1331 and 5 U.S.C. § 701 *et seq.* 924 F.2d at 27.

2. Some Circuits (not the First) permit a request for back pay, treating it as equitable relief because of language in *Bowen v. Massachusetts*, 487 U.S. 879, 893, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (a Medicaid reimbursement case where the Supreme Court stated that "an order providing for the reinstatement of an employee with backpay" is a

. . . the claim for back pay is ancillary to Leveris' request that the Court Order [sic] the Navy to follow the majority decision of the Navy Board of Correction of Naval Records and reinstate him as a naval officer. Since Leveris seeks equitable relief and not monetary damages, the APA's waiver of sovereign immunity applies to this matter and the Court should deny Plaintiff's [sic] Motion to Dismiss for lack of subject matter jurisdiction.

Pl.'s Opp'n to Def.'s Mot. to Dismiss at 5–6 (Docket No. 5). *Sibley* raised the identical issue. In argument before the Circuit Court, Sibley stated that his "back pay claim is an incidental—perhaps even a dispensable—ingredient of the relief sought." 924 F.2d at 29. The First Circuit declined this invitation to "turn Sibley's complaint inside-out." *Id.* "We are not free to recast an appellant's pleading . . . in order to shore up our jurisdiction." *Id.* The same principle applies here. Leveris was free to seek to amend his complaint to eliminate the claim for back pay in light of the Navy's jurisdictional arguments, but he declined to do so. After *Sibley*, I can only conclude that he has made a request for money judgment for which this court has no jurisdiction under the APA or 28 U.S.C. § 1331.[2]

form of equitable relief). *See Chandler v. United States Air Force, et al.*, 272 F.3d 527 (8th Cir.2001); *Randall v. United States*, 95 F.3d 339, 347 (4th Cir.1996) (plaintiff's "claim for injunctive relief is the essence of his complaint," but distinguishing *Randall's* facts, where the plaintiff sought a promotion, from a discharged serviceman like Leveris where back pay could be sought, amounting to monetary damages under the Tucker Act). In any case, *Sibley* is unequivocal: "A plaintiff cannot transform a claim for damages into an equitable action by asking for an injunction that orders the payment of money." 924 F.2d at 29 (quotation omitted). Later Supreme Court support for *Sibley* can be found

I turn next to Leveris's claim under 10 U.S.C. § 1552. Violating the terms of section 1552 would certainly raise a federal question under 28 U.S.C. § 1331, and section 1552 can describe final agency action for purposes of a claim under the APA. *See Dickson v. Secretary of Defense*, 314 U.S.App. D.C. 345, 68 F.3d 1396, 1401 (Fed.Cir.1995). Section 1552, however, does not by itself or with the APA establish a grant of jurisdiction for this court to entertain a suit for back pay.[3]

*Sibley* does indicate that jurisdiction is available for monetary claims like Leveris's under the Tucker Act or "Little Tucker Act" (28 U.S.C. § 1491 and 28 U.S.C. § 1346(a)(2), respectively). The Little Tucker Act grants original jurisdiction to the district courts (concurrent with the Court of Federal Claims) for claims against the government of $10,000 or less. For claims against the government over $10,000, the United States Court of Federal Claims has exclusive jurisdiction. If a plaintiff waives all claims to any amount that he may recover over $10,000, or specifically asks for less, a federal district court could conclude that it has jurisdiction to hear the case. *See, e.g., Hahn v. United States*, 757 F.2d 581, 587 (3rd Cir.1985). But Leveris has declined to specify the amount of back pay he anticipates recovering, although he has been on notice that the amount is likely to be material to jurisdiction. Indeed, Leveris filed a motion to strike the Navy's assertion that "[b]ack pay calculated from [10/31/98] certainly exceeds $10,000." Pl.'s Mot. to Strike at 1 (Docket No. 7). That would have been the logical place to disclaim any interest in an award over $10,000. Leveris, as plaintiff, must establish subject matter jurisdiction. In the absence of any allegation that his claim is $10,000 or less, thereby bringing him within the Little Tucker Act, he has failed to do so.

Accordingly, the Secretary's motion to dismiss for lack of subject matter jurisdiction is GRANTED.[4] The plaintiff's motion to strike is DENIED.

SO ORDERED.

---

in *Clinton v. Goldsmith*, 526 U.S. 529, 539, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999), referring to the Tucker Act and Little Tucker Act as the jurisdictional bases for suits seeking back pay and citing *Sibley* for the proposition that back pay claims are within the purview of the Little Tucker Act. *Sibley* also has the distinct advantage of creating a clear rule, reducing the need for jurisdictional wrangling.

3. Without the claim for back pay, the availability of judicial review for Board decisions under section 1552 is well-established. *Clinton v. Goldsmith*, 526 U.S. 529, 539, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999); *Chappell v. Wallace*, 462 U.S. 296, 303, 103 S.Ct. 2362,

76 L.Ed.2d 586 (1983). "The exact source of jurisdiction, though, has not always been made plain." *Blassingame v. Secretary of the Navy*, 811 F.2d 65, 69 (2nd Cir.1987) (finding jurisdiction under section 1331 to review a Correction Board decision in the absence of a statute precluding judicial review).

4. There has been no argument that this court should exercise mandamus authority under 28 U.S.C. § 1361. *See, e.g., Ashe v. McNamara*, 355 F.2d 277 (1st Cir.1965); *Ragoni v. United States*, 424 F.2d 261, 263 (3d Cir.1970) (citing *Ashe*). In any event, that would not change the reasoning and result based upon the request for monetary relief.