**SERCO SERVICES COMPANY, L.P., Plaintiff–Appellant,**

v.

**KELLEY COMPANY, INC., Defendant–Appellee.**

No. 94–1396.

United States Court of Appeals, Federal Circuit.

March 29, 1995.

Neil B. Siegel, Sughrue, Mion, Zinn, MacPeak & Seas, Washington, DC, argued, for plaintiff-appellant. With him on the brief, was David H. Judson, Hughes & Luce, P.C., Dallas, TX.

Andrew J. Nilles, Nilles & Nilles, S.C., Milwaukee, WI, argued, for defendant-appellee. With him on the brief, was John P. Fredrickson.

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.

MAYER, Circuit Judge.

Serco Services Company, L.P., appeals the judgment of the United States District Court for the Northern District of Texas, No. 93–CV–1885, 1994 WL 715913 (May 24, 1994), dismissing its action for a declaratory judgment of noninfringement and invalidity of United States Patent No. 4,448,325. Because we conclude that the decision to dismiss fell within the district court's discretion, we affirm.

*Background*

These facts are undisputed. Serco Services Company, L.P. (Serco) and Kelley Company, Inc. (Kelley) manufacture and distribute loading dock equipment used in the trucking industry. Kelley owns United States Patent No. 4,448,325 (the '325 patent), entitled "Truck Locking Device."

On December 23, 1992, Serco received a letter from Kelley's patent counsel, asserting

that Serco's VR series truck restraint was infringing the claims of the '325 patent. The letter concluded: "Unless we receive a reply from you no later than February 1, 1993 to the effect that your company is discontinuing the sale of this infringing truck restraint, the Kelley Company will take legal action to stop such infringement." Serco responded by letter dated January 29, 1993, setting forth its conclusion that the VR restraint did not infringe.

Months passed. Then Serco's patent counsel received a second letter, dated September 8, 1993, again charging that the VR restraint infringed the claims of the '325 patent. This letter ended with the warning: "Unless you confirm to us by September 20, 1993 that Serco will discontinue the manufacture or sale of any infringing device, Kelley will commence a law suit to enjoin further infringement in addition to seeking other available remedies."

On September 20, 1993, Serco responded by facsimile to Kelley's attorney. This letter reiterated Serco's prior assertion that its product did not infringe the patent; it stated further that "[t]o protect Serco's interests Serco has taken the necessary action in Texas." Nothing said just what action Serco had taken.

Meanwhile, on September 17, 1993, Serco had filed this declaratory judgment action in the Northern District of Texas. On September 20, 1993, Kelley filed suit in the Eastern District of Wisconsin seeking damages and injunctive relief from Serco's alleged infringement of the '325 patent.

On February 3, 1994, Kelley filed a motion seeking to dismiss Serco's declaratory judgment suit in the Northern District of Texas. The district court granted the motion on May 24, 1993. The court concluded that Serco had filed its suit in anticipation of Kelley's infringement action, and that this anticipatory filing coupled with convenience factors— the location of witnesses and documents— merited dismissal of the declaratory judg-

ment action so that the Wisconsin case could go forward. Serco appeals.

### Discussion

The question is whether the district court properly dismissed Serco's suit under the Declaratory Judgment Act. That act provides

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (Supp. V 1993). The proper relationship between an action under this act for a declaration of patent rights and a later-filed infringement suit triggers this court's special responsibility to foster national uniformity in patent practice; we do not defer to the procedural rules of other circuits. *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937, 27 USPQ2d 1241, 1244 (Fed. Cir.1993).

■ A declaratory judgment action affords a measure of relief to the potential infringer who is under the shadow of threatened infringement litigation. The declaratory plaintiff need only satisfy the jurisdictional requirement "that the conflict be real and immediate, i.e., that there be a true, actual 'controversy' required by the Act." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 735, 6 USPQ2d 1685, 1688 (Fed.Cir.1988). In practice, this means that there is jurisdiction over a declaratory judgment action if (1) the declaratory plaintiff has acted, or has made preparations to act, in a way that could constitute infringement, and (2) the patentee has created in the declaratory plaintiff a reasonable apprehension of suit for infringement. *BP Chem. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978, 28 USPQ2d 1124, 1126 (Fed.Cir.1993).*

---

* Kelley suggests we affirm the dismissal of Serco's suit because Serco did not meet the "actual controversy" requirement. Kelley says that there was no real threat of suit when Serco filed

its declaratory judgment action on September 17, 1993, because Kelley had effectively pledged not to file suit until September 20. We do not

■ But even if a case satisfies the actual controversy requirement, there is no absolute right to a declaratory judgment, for the statute specifically entrusts courts with discretion to hear declaratory suits or not depending on the circumstances. *Minnesota Mining & Mfg. Co. v. Norton Co.*, 929 F.2d 670, 672, 18 USPQ2d 1302, 1304 (Fed.Cir. 1991). The court must make a reasoned judgment whether the investment of time and resources will be worthwhile. Of course, the court's discretion is not unfettered: "An abuse of discretion may occur when the trial court's decision was based on an incorrect conclusion of law or clearly erroneous findings of fact, was devoid of any evidence in the record upon which the court rationally could have based its decision, or was clearly unreasonable or arbitrary." *Genentech*, 998 F.2d at 936, 27 USPQ2d at 1243.

■ The district court dismissed Serco's declaratory judgment action so that Kelley's infringement suit, filed three days later, could proceed in the Eastern District of Wisconsin. In such cases, raising the question whether a suit for a declaration of patent rights should yield to a later-filed infringement suit, the trial court's discretion is guided by the general rule favoring the forum in which the first suit is filed. *Genentech*, 998 F.2d at 937, 27 USPQ2d at 1244. Serco says the district court abused its discretion by basing dismissal on a finding that Serco filed suit in anticipation of the infringement suit eventually filed by Kelley. It suggests that this case copies *Genentech*, where we vacated a similar dismissal, relying on the first-filed rule.

The first-filed action is preferred, even if it is declaratory, "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Id.* Thus, "the trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served." *Id.* at 938, 27 USPQ2d at 1244 (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 184, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). The decision not to hear a properly brought declaratory action

must rest on "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech*, 998 F.2d at 938, 27 USPQ2d at 1244.

*Genentech* arose from a series of suits, involving several parties, filed in federal courts in Indiana and California. At issue were Genentech's declaratory action against Lilly and the University of California, filed in the Southern District of Indiana, and an infringement suit filed the next day by the university in the Northern District of California. The district court dismissed Genentech's declaratory judgment suit as to the university.

This court vacated, declining to adopt the rule of *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 2 USPQ2d 1930 (7th Cir.1987), that a first-filed action for declaration of noninfringement of a trademark should yield to a later-filed infringement suit. *Genentech*, 998 F.2d at 937, 27 USPQ2d at 1244. Instead of a general rule favoring the patentee's choice of forum, we found the first-filed rule more compatible with "the purpose of the Declaratory Judgment Act to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist." *Id.* On the facts of *Genentech*, "[t]he only stated reason for the district court's discretionary dismissal of the University from Genentech's declaratory action against the University and Lilly was that the University subsequently brought suit against Genentech elsewhere." 998 F.2d at 938, 27 USPQ2d at 1245. We held that reason "insufficient to warrant refusal to entertain the action." *Id.*

By contrast, the district court in this case relied on more than just Kelley's later-filed infringement suit. The court found that Serco filed suit in anticipation of the Kelley suit and it considered the availability of witnesses and documents in each forum. Serco protests the court's consideration of its suit as anticipatory, suggesting that term applies only to suits motivated by forum shopping or those filed in derogation of an existing agreement to refrain from filing suit. There is

believe the district court acted on this reasoning, and we decline to adopt it here.

some merit to Serco's suggestion that dismissing its suit as anticipatory is inconsistent with *Genentech*'s repudiation of the Seventh Circuit's *Tempco* rule in patent cases. The creation of this court has in large part tempered the impact of traditional forum shopping in patent cases, so the stakes of a race to the courthouse are less severe. But we cannot say that it was an abuse of discretion to consider that Serco intended to preempt Kelley's infringement suit, as the district court found, as one factor in the decision whether to dismiss the declaratory suit in favor of Kelley's subsequent infringement action.

Beyond the race to the courthouse, the court considered the convenience of the parties as well. It found that all of Kelley's witnesses were located in Wisconsin while Serco's were scattered throughout the country. Similarly, while some of Serco's documents were located at its Canadian headquarters, all of Kelley's documents were located in Wisconsin. These factors support the court's decision to dismiss. *See Genentech*, 998 F.2d at 938, 27 USPQ2d at 1244 (reason to yield to later-filed suit "may be the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest."). Genentech's declaratory action offered the only forum where the rights and obligations of the various parties could be resolved in a single lawsuit; in that case, neither justice nor convenience favored deviating from the first-filed rule. Here, the relative convenience of the parties was "sound reason" not to continue the declaratory suit. The district court did not abuse its discretion.

### Conclusion

Accordingly, the judgment of the United States District Court for the Northern District of Texas is affirmed.

*AFFIRMED.*