**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Mary A. CLOHESSY and, Liam Clohessy, a minor, Defendants.**

**No. 97–1806–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

June 8, 1998.

George A. Vaka, John D. Russell, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fl, for Plaintiff.

Bill Wagner, Wagner, Vaughan & McLaughlin, Tampa, FL, Robert I. Reardon, Jr., The Reardon Law Firm, P.C., New London, CT, for Defendants.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant's, Mary A. Clohessy and Liam Clohessy, timely filed Motion to Dismiss Plaintiff's, All-state Insurance Company, Amended Complaint, (Dkt. No. 12–14), because Defendants claim they were never served with the Amended Complaint, and because this same action is pending in the District Court of Connecticut. The Plaintiff filed a response (Dkt. No. 17)

## I. BACKGROUND

Plaintiff, Allstate Insurance Company, (hereinafter "Allstate") an Illinois corpora-

tion, entered into a contract for automobile insurance with Defendant, John Patrick Clohessy, a then resident of Florida, in September of 1992, pursuant to which Allstate issued Defendant a Florida automobile policy. In March of 1993, Brendan P. Clohessy, the deceased son of John and Mary Clohessy, and the brother of Liam Clohessy, was struck and killed by a motor vehicle driven by Kenneth L. Bachelor. Brendan P. Clohessy was struck while a pedestrian in Connecticut. A claim for uninsured motorist benefits was made by the Estate of Brendan Clohessy under the policy issued to John Patrick. Mary and Liam Clohessy also made claims for uninsured motorist coverage under John Patrick's policy. Their claims are based upon emotional distress they suffered after allegedly witnessing the death of Brendan Clohessy—neither Liam or Mary Clohessy suffered physical harm.

Allstate claims that the harm Liam and Mary suffered was limited to the emotional harm which arose out of the bodily injury and death of Brendan Clohessy. Allstate claims that the limitations of liability section of the policy provides that all claims arising out of the bodily injury to one party are subject to a one person limitation. As a result, Allstate has paid $200,000.00 in claims and filed a complaint on July 22, 1997, seeking declaratory relief. Also, this Court granted Allstate two time extensions for service, each for 120 days. Defendants, however, before being served with Plaintiff's complaint, filed a complaint seeking declaratory judgment on February 20, 1998, in the District of Connecticut. Although Defendants filed their complaint on February 20, 1998, nearly seven months after Plaintiff filed this complaint, Defendants claim they filed their complaint before Plaintiff. Defendants contend that because they served the Plaintiff before the Plaintiff served them, they filed first, and therefore this Court should dismiss Plaintiff's complaint.

## II. DISCUSSION

### FIRST FILE RULE

 Defendants argue that the Court should dismiss this case based of the "first-

filed" rule, which holds that when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case. *Northwest Airlines, Inc. v. American Airlines, Inc.,* 989 F.2d 1002, 1006 (8th Cir. 1993). The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings. *Id.* The Eleventh Circuit, in addition to most other circuits, follow this rule. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir.1982) ("In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case").

■■■ Among the compelling circumstances that may justify departing from the rule are instances where one party, on notice of a potential law suit, files a declaratory judgment action in its home forum. *See e.g., Serco Serv. Co. v. Kelley Co.,* 51 F.3d 1037 (Fed.Cir.1995); *Tempco Elec. Heater Corp. v. Omega Eng'g Inc.,* 819 F.2d 746 (7th Cir. 1987); *Northwest,* 989 F.2d at 1007. However, those circumstances do not automatically compel abandoning the first-filed rule. The matter is one of discretion for the trial court. *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.,* 920 F.2d 487 (8th Cir.1990). And even where those conditions are present, "the first-filed action is preferred, even if it is declaratory, unless considerations of judicial and litigant economy, and the just effective disposition of disputes, require otherwise." *Serco,* 51 F.3d at 1039.

■■■ This Court recognizes that it is well accepted that the forum where an action is first filed is given priority over subsequent actions, unless there is a showing of balance of convenience in favor of the second forum or there are special circumstances which justify giving the priority to the second action. These principles are consistent with the doctrine of federal comity which requires the federal district courts to refrain from interfering with each others' affairs in order to avoid duplication of judicial resources and conflicting decisions. *Kerotest Mfg. Co. V. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *West Gulf Maritime Assoc. v. ILA Deep Sea Local 24, South Atlantic & Gulf Coast Dist. of the* *ILA, AFL–CIO,* 751 F.2d 721, 728 (5th Cir. 1985).

■■■ Although Defendants cite the correct rule, they erroneously rely on it. Defendants did not file first. Defendants, incorrectly, claim that they did filed first because they served Plaintiff before Plaintiff's could serve Defendants. Although this Court realizes that the "first to file" rule should not be rigidly applied, *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 627 (9th Cir. 1991), this court does find that Defendant has alleged special circumstances in order to prevent this Court from following the "first to file" rule, for Connecticut is not even Defendants home forum—Defendants are currently citizens of Ireland not Connecticut. Furthermore, this Court is persuaded that Defendants' declaratory action was brought in bad faith, and the reason why Allstate was unable to serve Defendants was because Defendants were avoiding service. Accordingly, it is

**ORDERED** that the Defendants Motion to Dismiss, (Dkt. 12–14) be **DENIED.**