**DUPONT PHARMACEUTICALS COMPANY, Dupont Contrast Imaging, Inc., E.I .Dupont de Nemours & Co., Inc. and Dupont Pharma, Inc. Plaintiffs**

v.

**SONUS PHARMACEUTICALS, INC., Nycomed Amersham USA Holding Inc., Nycomed Amersham Imaging, and Nycomed Imaging AS, Defendants.**

**No. CIV.A. 00–11391–EFH.**

United States District Court, D. Massachusetts.

Nov. 29, 2000.

John C. Wyman, Howard J. Castleman, Murtha Cullina Roche Carens & DeGiacomo, Michael J. Connolly, Murtha Cullina Roche Carens & DeGiacomo, Boston, MA, for Dupont Pharmaceuticals Company, Dupont Contrast Imaging, Inc., E.I. Du Pont de Nemours & Co., Inc., Dupont Pharma, Inc., Plaintiffs.

Sarah C. Columbia, Choate, Hall & Stewart, Boston, Eric J. Marandett, Choate, Hall & Stewart, Boston, Thomas J. Meloro, Richard L. DeLucia, Michael D. Loughnane, Jeffrey M. Butler, A. Antony Pfeffer, Kenyon & Kenyon, New York City, for Sonus Pharmaceuticals, Inc., Nycomed Amersham USA Holding

Inc., Nycomed Amersham Inc, Nycomed Amersham Imaging, Nycomed Imaging AS, Defendants.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

The plaintiffs in this matter have asked this Court to apply the principle of comity known as the "first-filed" rule and retain the declaratory judgment action that they have filed against the defendants. As between a mirror-image declaratory judgment action and an affirmative patent infringement action, such as the one filed by Nycomed Imaging AS in the Western District of Washington, the general rule favors the forum of the first-filed action. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937–38 (Fed.Cir.1993). In the present case, the parties are in dispute over which suit qualifies as the first-filed action.

The presumption favoring the first-filed action is not unrebuttable. *See Novo Nordisk of North America, Inc. v. Genentech, Inc.*, 874 F.Supp. 630, 632 (S.D.N.Y.1995). The trial court's discretion serves to temper the first-filed rule. *See Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1038 (Fed.Cir.1995). Factors to be considered in exercising this discretion include judicial and litigant economy, the just and effective disposition of disputes, the possible absence of jurisdiction over all necessary and desirable parties, as well as a balancing of conveniences that may favor the second forum. *See id.* (Quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d at 937–38.

This Court finds that even if the matter presently before it is deemed to be the first-filed action, such factors of judicial economy would support a decision declining jurisdiction. The possibility of duplicative discovery, the presence of potentially key witnesses, as well as the location of the records of the patent owner all point to the Western District of Washington as the forum which best serves the judicial and litigants' interests. Faced with almost an identical factual situation in the patent infringement context, the court in *National Foam, Inc. v. Williams Fire & Hazard Control*, 1997 WL 700496 (E.D.Pa.), also found that principles of judicial and litigant economy served to prevent the rigid application of the first-filed rule.

Aside from the discretion available to depart from the first-filed rule, this Court also has a broad grant of discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), in determining whether to exercise jurisdiction over the plaintiffs' action. *See EMC Corporation v. Norand Corporation*, 89 F.3d 807 (Fed.Cir.1996); *National Foam, Inc.*, 1997 WL 700496. I find that principles of sound judicial administration and the objectives of the Declaratory Judgment Act are best served by this Court declining jurisdiction over this matter. *See id.* The Court rules that the Western District of Washington is now the forum where all of the related patent claims pending between the parties can be appropriately resolved. Accordingly, the action is ordered transferred to the proper forum.

SO ORDERED.