UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


J. P. Sercel Associates, Inc.

    v.                                      Civil No. 03-331-JD
                                              Opinion No. 2003 DNH 171
New Wave Research


O R D E R


The plaintiff, J. P. Sercel Associates, Inc. ("JPSA"), brought a declaratory judgment action, with related state law claims, challenging a patent issued to the defendant, New Wave Research. New Wave moves to dismiss, stay, or transfer the action because it previously filed a patent infringement suit against JPSA in the United States District Court for the Northern District of California, asserting infringement by JPSA of the same patent. JPSA objects to New Wave's motion.


Discussion

Because this is a suit involving a patent, the law of the Federal Circuit governs substantive patent issues while the law of the First Circuit governs procedural issues that do not affect patent law. See Toxgon Corp. v. BNFL, Inc., 312 F.3d 1379, 1382 (Fed. Cir. 2002); Madley v. Duke Univ., 307 F.3d 1351, 1358 (Fed. Cir. 2002). The Federal Circuit has not held that transfer of venue pertains to patent such that Federal Circuit law should

control.  See e.g., <u>HollyAnne Corp. v. TFT, Inc.</u>, 199 F.3d 1304, 1306-07 (Fed. Cir. 1999) (applying Federal Circuit law to jurisdiction discussion and Sixth Circuit law to venue discussion); <u>Banjo Buddies, Inc. v. Renosky</u>, 156 F. Supp. 2d 22, 24-25 (D. Me. 2001) (applying First Circuit law to transfer of venue motion in patent case); <u>cf</u>. <u>Midwest Indus. v. Karavan Trailers, Inc.</u>, 175 F.3d 1356, 1359-60 (Fed. Cir. 1999) (listing certain nonsubstantive issues held by Federal Circuit to be pertinent to patent law).  However, the Federal Circuit has concluded that "[t]he proper relationship between an action under [28 U.S.C. § 2201(a)] for a declaration of patent rights and a later-filed infringement suit triggers [its] special responsibility to foster national uniformity in patent practice." <u>Serco Servs. Co. v. Kelley Co., Inc.</u>, 51 F.3d 1037, 1039 (Fed. Cir. 1995).  Therefore, district courts follow Federal Circuit precedent in considering the first-filed action rule in patent cases.[1]  See <u>SAES Getters S.p.A. v. Aeronex, Inc.</u>, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002).

------

[1]This case does not involve the specific issue addressed in <u>Genentech</u>, whether a first-filed declaratory judgment action will be given preference over a direct infringement suit filed later. <u>See</u> <u>Genentech, Inc. v. Eli Lilly & Co.</u>, 998 F.2d 931, 937 (Fed. Cir. 1993).  Nevertheless, the court will follow the Federal Circuit's precedent for purposes of applying the first-filed rule.

New Wave asserts that because it filed the first action raising patent infringement of the disputed patent in the Northern District of California, the first-filed rule counsels that JPSA's suit in this court should be dismissed, stayed, or transferred to the Northern District of California.[2]  New Wave also contends that New Hampshire is a forum non conveniens under 28 U.S.C. § 1404(a).  In response, JPSA argues that the first-filed rule does not apply because New Wave filed suit in California "secretly" in bad faith in order to establish its own choice of venue.

When actions asserting and challenging the same patent and involving the same parties are proceeding in different federal district courts, the suit that was filed first is preferred.  Genentech, 998 F.2d at 937.  "The first-filed action is preferred . . . 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'"  Serco Servs., 51 F.3d at 1039 (quoting Genentech, 998 F.2d at 937).  In applying the first-filed rule, a court may stay, transfer, or dismiss an action in favor of a more appropriate parallel action in another federal district.  See

---

[2]New Wave's alternative argument that JPSA's suit is improper under the Declaratory Judgment Act, 28 U.S.C. § 2201, merely repeats its argument under the first-filed rule.

R.J. Reynolds Tobacco Co. v. Star Scientific, Inc., 169 F. Supp. 2d 452, 455 (M.D.N.C. 2001).

As a doctrine of comity among the federal courts, the first-filed action rule will not apply if the circumstances of the first suit suggest bad faith or if the convenience of the parties favors a different forum. See, e.g., Serco Servs., 51 F.3d at 1039-40; Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F. Supp. 2d 12, 15 (D. Mass. 2002); Dupont Pharms. Co. v. Sonus Pharms., Inc., 122 F. Supp. 2d 230, 231 (D. Mass. 2000). In patent cases, where all appeals are heard by the Federal Circuit, less consideration is given to issues of forum shopping or an inequitable race to the court house. Serco Servs., 51 F.3d at 1040. The plaintiff in the second suit bears the burden of showing compelling circumstances or sufficient inconvenience to overcome the first-filed action rule. See Cent. States, Southeast & Southwest Areas Pension Fund v. Paramount Liquor Co., 34 F. Supp. 2d 1092, 1094 (N.D. Ill. 1999); 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 132 (S.D.N.Y. 1994).

JPSA contends that compelling circumstances exist here because New Wave filed its suit in California immediately after its patent issued and did not serve the complaint on JPSA. The lack of immediate service apparently is the basis for JPSA's

4

charge that New Wave's complaint was "secretly filed." JPSA asks the court to infer from New Wave's fast action that it was forum shopping and filing its action in bad faith to preempt a suit by JPSA.

Under the federal rules, a complaint must be served within 120 days of filing. Fed. R. Civ. P. 4(m). JPSA could not and does not contend that 120 days passed without service. Otherwise, service has no effect on the first-filed action rule. See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F,2d 93, 96 n.3 (9th Cir. 1982); Med-Tec Iowa, Inc. v. Nomos Corp., 76 F. Supp. 2d 962, 970 (N.D. Iowa 1999) (citing cases); Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 272 (C.D. Cal. 1998) (same).

There is no dispute that the two suits involve the same parties and the same underlying issues.[3] Because forum shopping carries less weight in patent cases, even if New Wave's conduct supported the inference JPSA urges, that alone would not likely be enough to overcome the first-filed action rule. See Serco Servs., 51 F.3d at 1040. Additional bad faith activity coupled with inconvenience to the plaintiff in the second-filed action is

---

[3]Both suits address validity and infringement of the same patent. The New Hampshire suit also includes state law claims of unfair competition and tortious interference with business relations.

required to show sufficiently compelling circumstances.  See, e.g., id.; Holmes Group, 249 F. Supp. 2d at 16.

JPSA offers no evidence as to other bad faith conduct by New Wave.[4]  With respect to the relative convenience of litigating in New Hampshire versus California, JPSA first contends, contrary to the legal standard, that convenience is not relevant.  JPSA asserts that the company and the vast majority of its witnesses are located in New Hampshire.  It also contends that because its accused system is located in New Hampshire, it would be inconvenient to transport the system to California for purposes of litigation there.  New Wave states that it is located within the Northern District of California and that seven of the nine inventors of the disputed patent along with its employee witnesses are available there.  New Wave also points out that JPSA would not have to transport its system because it has sold the accused product in northern California.

Nothing in the record suggests that there is a jurisdictional question in the California proceeding that would counsel in favor of staying, rather than dismissing, this action.  See, e.g., Elmendorf Grafica, Inc. v. D.S. America (East), Inc.,

---

[4]JPSA's challenge to the merits of New Wave's suit are not sufficient, based on the present record, to invoke Federal Rule of Civil Procedure 11 or to show other bad faith conduct.

48 F.3d 46, 52 (1st Cir. 1995). Nor has JPSA asked that its action be transferred to the Northern District of California as an alternative to dismissal. Therefore, because JPSA has not carried its burden of showing that the preference for the first-filed action, the proceeding filed by New Wave in the Northern District of California, should not govern in this case, this case is dismissed in favor of that proceeding.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 4) is granted. This case is dismissed without prejudice.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 7, 2003

cc: M. Elizabeth Day, Esquire
    Jeremy T. Walker, Esquire
    Steven E. Grill, Esquire