**A123 SYSTEMS, INC., Plaintiff,**

v.

**HYDRO–QUÉBEC, Defendant.**

**Civil Action No. 06–10612–JLT.**

United States District Court,
D. Massachusetts.

Sept. 28, 2009.

rather to a body of known facts or a body of     ideas accepted as truths on good grounds.'').

Jeffrey S. Gleason, Rebecca Ross–Bown, Mary Rose Scozzafava, Wayne L. Stoner, Jonathan J. Thessin, Wilmer Hale LLP, Boston, MA, for Plaintiff.

William Andrew Brewer, III, Joyce M. Hellstern, James S. Renard, Bickel & Brewer, Dallas, TX Robert J. Kerwin, John D. Stuebing, Tarlow, Breed, Hart & Rodgers PC, Boston, MA, Melissa A. Potvin, City of Boston Law Department, Boston, MA, for Defendant.

## MEMORANDUM

TAURO, District Judge.

## I. *Introduction*

On April 7, 2006, Plaintiff, A123 Systems, Inc. ("A123") filed this action seeking a declaration of non-infringement and

invalidity with respect to two patents, U.S. Patent No. 5,910,382 and U.S. Patent No. 6, 514,640 (the "patents-in-suit"). On January 30, 2007, this Court dismissed this action without prejudice to either party moving to reopen the case pending Reexamination of the patents-in-suit by the United States Patent and Trademark Office. Presently at issue is Plaintiff's *Motion to Reopen Case* [# 87]. For the following reasons, Plaintiff's *Motion to Reopen Case* [# 87] is DENIED.

II. *Background*

In response to allegations of infringement by Hydro–Québec, A123 filed this action against Hydro–Québec on April 7, 2006, seeking a declaration of non-infringement and invalidity with respect to the patents-in-suit.[1]

The patents-in-suit were assigned by the named inventors, employees and doctoral students of the University of Texas, to the Board of Regents of the University of Texas System (the "Board of Regents").[2] Effective January 1, 1997, the Board of Regents and Hydro–Québec entered into a Patent License Agreement, under which Hydro–Québec holds an exclusive license to some, but not all, fields of use under the patents-in-suit.[3] Specifically, the Board of Regents granted to Hydro–Québec "(a) an exclusive license to manufacture, have manufactured, use, sell, import, and offer for sale any products comprising the inventions and discoveries covered by the patents-in-suit in the field of primary and secondary electrochemical generators having a solid electrolyte, gelled, plasticized or not plasticized, comprising a solution of at least one metallic salt in an aprotic polymeric material and (b) an exclusive license to manufacture $LiFePO_4$ and sell such materials in bulk quantities for all applications of the technology, including, but not limited to, secondary batteries with polymer or liquid electrolytes."[4] The Board of Regents retained the right to license other parties in all other patented fields of use, including the right to license the production, use, and sale of rechargeable batteries having a liquid electrolyte and the use and sale of $LiFePO_4$ as a cathode material for liquid electrolyte applications.[5]

On September 8, 2006, A123 filed a motion to stay this action pending the disposition of two ex parte Reexamination Proceedings before the United States Patent and Trademark Office, in which A123 sought to invalidate the patents-in-suit based upon prior art. In response, this court dismissed this action without prejudice to either party filing a motion to reinstate within 30 days after resolution of the Reexamination Proceedings.

On September 11, 2006, Hydro–Québec and the Board of Regents initiated a separate action for patent infringement against A123, Black & Decker, and China BAK Battery, Inc., in the United States District Court for the Northern District of Texas (the "Texas Action").[6] Discovery has taken place in the Texas Action in connection with a motion to dismiss filed by China BAK Battery for want of jurisdiction and for failure to state a claim on which relief may be granted or, alternatively, for summary judgment.[7] Although the Defendants in the Texas Action have filed a further motion to dismiss, stay or transfer

1. Compl. ¶ 10.

2. Decl. of Pierre Gagnon ¶ 5.

3. *Id.;* Decl. of Steven Collins ¶ 4.

4. Decl. of Pierre Gagnon ¶ 5.

5. *Id.*

6. Def.'s Opp. Mot. Reopen Case at 5–6.

7. *Id.* at 7.

to this court, they do not assert that the Northern District of Texas lacks personal jurisdiction over them or that venue is improper.[8]

The Patent and Trademark Office issued a Reexamination Certificate for U.S. Patent No. 5,910,382 on April 15, 2008 and a Reexamination Certificate for U.S. Patent No. 6, 514,640 on May 12, 2009.[9] On June 11, 2009, A123 filed a motion to reopen the current action. To date, no answer has been filed in this action and no discovery has taken place.

### III. *Discussion*

Plaintiff, A123, contends that this court should reinstate its suit for declaratory relief because it was filed prior to and should take precedence over the pending Texas Action. Defendant, Hydro–Québec, claims that, even though this action came into existence before the Texas Action, this court should decline to reinstate it because doing so would be an exercise in futility. Defendant bases this argument on the premise that Plaintiff has not and cannot join the patent owner, a necessary and indispensable party, as a defendant because the Board of Regents is immune to suit under the Eleventh Amendment.[10] For the reasons set forth below, this court agrees with Defendant.

The Federal Circuit generally applies the procedural law of the regional circuit in which the case arose to matters that are not unique to patent law.[11] When a procedural question is important to national uniformity in patent practice, however, the Federal Circuit invokes its special obligation to avoid dispositive differences among the regional circuits by applying its own procedural law.[12] Since the question of whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement is such an issue, Federal Circuit law applies.[13]

The general rule in patent cases is no different than the general rule in all civil cases: the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.[14] A rule that would automatically require a first-filed declaratory action to yield to a later-filed suit for patent infringement would grant the patentee the choice of forum, regardless of whether the patentee sought judicial resolution of the controversy.[15] But the trial court's discretion tempers the presumption favoring the first-filed action, when giving preference to the later-filed action will better serve the interests involved.[16] Exceptions to the general rule favoring the forum of the first-filed action "are not rare, and are made when justice or expediency requires, as in any choice of forum issue." [17] In order to grant such an exception, however, there must be sound reasons that make it

---

8. *Id.*

9. Plaintiff's Mot. Reopen Case.

10. Def. Opp. Mot. Reopen at 10.

11. *Allen Organ Co. v. Kimball Int'l, Inc.*, 839 F.2d 1556, 1563 (Fed.Cir.1988).

12. *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed.Cir.1993).

13. *Id.*

14. *Id.*

15. *Id.*

16. *Dupont Pharms. Co. v. Sonus Pharms., Inc.*, 122 F.Supp.2d 230, 231 (D.Mass.2000) (citing *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1038 (Fed.Cir.1995)).

17. *Genentech*, 998 F.2d at 937 (citing *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081–83 (Fed.Cir.1989)).

unjust or inefficient to continue the first-filed action, such as convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, the possibility of consolidation with related litigation, or considerations relating to the real party in interest.[18] Where, as here, the first-filed action would be subject to imminent dismissal for failure to join a necessary party, considerations of judicial economy make it appropriate for the first-filed action to yield to a later-filed action, in which the court may achieve a comprehensive resolution of the entire dispute.

■■■■ The Board of Regents, as the owner of the patents-in-suit, is a necessary party to the declaratory judgement action. The general rule in patent infringement suits, which applies in declaratory relief actions seeking invalidity of a patent, is that the parties must join the patent owner when fewer than all substantial rights have been transferred in an exclusive license to the licensee.[19] Allowing a licensee, even one with exclusive rights to the patent for a particular field of use, to sue or be sued in its own name alone poses a substantial risk of multiple suits and multiple liabilities against an alleged infringer for a single act of infringement.[20] In the context of a declaratory action seeking invalidation of a patent, there is an additional, and particularly acute, risk posed to the interests of the patent holder, if not joined in the action.[21] Were this court to reinstate this action and declare the patent invalid, the Board of Regents would lose all ownership of its patents, notwithstanding the fact that it had no opportunity to defend its interests in the litigation.[22] Accordingly, the Federal Circuit has held that the court's prudential standing requirement compels joinder of the patent holder in a suit involving an exclusive field of use licensee.[23] In this case, Hydro–Québec holds an exclusive license with regard to certain fields of use, while the Board of Regents retains all rights with regard to other fields of use under the patents-in-suit.[24] Because the Board of Regents did not transfer all substantial rights to Hydro–Québec, this action cannot properly proceed without joinder of the Board of Regents.

■■■■ Though the Board of Regents is a necessary party to the declaratory action, A123 has not and cannot join the Board of Regents as a defendant because the Board of Regents is immune from suit. Under the Eleventh Amendment, a federal court is generally without power to entertain a suit by a private entity against the state, absent the state's consent.[25] A state may waive this immunity in its entirety or as to any specified agency, action, or event, either by statute or by state action.[26] For example, a state that files a claim in federal court waives its Eleventh Amendment

18. *Id.*

19. *Delano Farms Co. v. Cal. Table Grape Comm'n,* 623 F.Supp.2d 1144, 1159 (E.D.Cal. 2009) (citing *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal.,* 248 F.3d 1333 (Fed. Cir.2001)).

20. *Id.* at 1278.

21. *See Schwarz Pharma, Inc. v. Paddock Labs., Inc.,* 504 F.3d 1371, 1374 (Fed.Cir.2007).

22. *See Delano Farms Co.,* 623 F.Supp.2d at 1159.

23. *Int'l Gamco, Inc.* 504 F.3d at 1278.

24. Def.'s Sur–Reply Mot. Reopen at 7, n. 21 (citing Decl. of Pierre Gagnon Supp. Def.'s Mem. Supp. Mot. Dismiss ¶ 5).

25. *Genentech,* 998 F.2d at 939 (citing *Employees of Dep't of Public Health & Welfare v. Dep't of Pub. Health & Welfare,* 411 U.S. 279, 284, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973)).

26. *Id.*

immunity as to the subject matter of that claim.[27] When a state voluntarily invokes federal jurisdiction in such a manner, it waives its objection not only to its cause of action, but also to any relevant defenses and counterclaims raised in the same forum.[28] Where a state has not waived its immunity to suit, however, a federal court may not hear a case against it by a private entity.

The University of Texas is deemed to be an arm of the State of Texas[29] and A123 does not dispute that the Board of Regents is entitled to Eleventh Amendment immunity.[30] Because a "[s]tate's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued,"[31] the fact that the Board of Regents initiated suit against A123 in the Texas Action serves only to waive the Board's immunity with regard to counterclaims in the same forum and does not affect its prior refusal to waive immunity to suit in the declaratory action.[32] Nonetheless, A123 is not without an adequate remedy as against Hydro–Québec or the Board of Regents. Because the Board of Regents has waived immunity to suit in the Northern District of Texas by invoking that court's jurisdiction as a co-plaintiff with Hydro–Québec, A123 may assert a counterclaim for a declaration of noninfringement and invalidity in the Texas Action. The Board of Regents cannot use Eleventh Amendment immunity as a shield against a compulsory counterclaim in an action that it initiated.[33]

In light of the foregoing analysis, it is appropriate for the declaratory action, though first-filed, to yield to the Texas Action, where the court can achieve a full resolution of the dispute without subjecting the parties to the risks inherent in multiple lawsuits. This court, therefore, declines to reopen the declaratory action.

## IV. Conclusion

For the foregoing reasons, Plaintiff's *Motion to Reopen Case* is DENIED.

AN ORDER HAS ISSUED.

## ORDER

For the reasons set forth in the accompanying memorandum, this court hereby orders that Plaintiff's *Motion to Reopen Case* [# 87] is DENIED.

IT IS SO ORDERED.

---

27. *Id.* (citing *Clark v. Barnard,* 108 U.S. 436, 447, 2 S.Ct. 878, 27 L.Ed. 780 (1883)).

28. *Vas–Cath, Inc. v. Curators of the Univ. of Mo.,* 473 F.3d 1376, 1381–82 (Fed.Cir.2007) (citing *Regents of the Univ. of New Mexico v. Knight,* 321 F.3d 1111, 1126 (Fed.Cir.2003) (the University waived its Eleventh Amendment immunity to the counterclaims by filing suit for a declaration of patent ownership and inventorship, for "when a state files suit in federal court to enforce its claims to certain patents, the state shall be considered to have consented to have litigated in the same forum all compulsory counterclaims, i.e., those arising from the same transaction or occurrence that gave rise to the state's asserted claims")).

29. *See* Tex.Code § 441.101(3).

30. *See* Plaintiff's Opp. Mot. Dismiss at 16 (admitting that the Board of Regents is not available as a defendant in this action).

31. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

32. *See Tegic Communs. Corp. v. Bd. Of Regents,* 458 F.3d 1335, 1341–42 (Fed.Cir.2006); Decl. of Steven Collins ¶ 7 ("The Board of Regents does not consent to jurisdiction and does not waive its right to state immunity in order to be joined in the [declaratory] action.").

33. *See Regents of the Univ. of N.M. v. Knight,* 321 F.3d 1111, 1126 (Fed.Cir.2003).